IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02818-BNB

JACQUES FREEMEN,

    Plaintiff,

v.

"D.O.C." C.O. TROTTA,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 29 2010

GREGORY C. LANGHAM
              CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Jacques Freeman, initiated this action by filing a *pro se* Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on November 24, 2009. On December 2, 2009, Magistrate Judge Boyd N. Boland directed the clerk of the court to commence a civil action, and ordered Mr. Freemen to cure certain deficiencies. Specifically, he ordered Mr. Freemen to file a complete complaint on the court-approved form.

Mr. Freemen filed an amended complaint on December 7, 2009. On December 9, 2009, Magistrate Judge Boland determined that the amended complaint was deficient, as it was completely blank except for Mr. Freemen's request for relief. Magistrate Judge Boland ordered Mr. Freemen to file a second amended complaint, which Mr. Freemen submitted to the Court on December 14, 2009.

Mr. Freemen has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915

requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Freemen is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

The Court must construe the second amended complaint liberally because Mr. Freemen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons stated below, the Court will dismiss the second amended complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the second amended complaint, Mr. Freemen raises three claims. First, he alleges on September 11, 2009, during a visit to his wife at the Denver Women's Correctional Facility, Defendant Trotta conducted a pat search of Mr. Freemen.

Second Amended Complaint at 3. Mr. Freemen alleges that Defendant Trotta forced him to remove surgical bandages covering a wound in his side, and because Mr. Freemen did not have new bandages, he could not properly cover the wound after the search. *Id.* He alleges that he suffered "emotional distress" due to Defendant Trotta's actions. *Id.* Second, Mr. Freemen asserts a claim for "Pain [and] Suffering." *Id.* at 4. In this claim, Mr. Freemen alleges that he was very uncomfortable during the visit with his wife, due to the fact that his wound was not properly covered. *Id.* Third, Mr. Freemen asserts a claim for "Illegal Harassment [and] Mental Stress." *Id.* at 5. Here, Mr. Freemen alleges that Defendant Trotta was unprofessional by requiring Mr. Freemen to remove his bandages. *Id.* He also alleges that the Colorado Department of Corrections Administrative Regulations do not require a visitor to remove surgical bandages. *Id.* As relief, Mr. Freemen seeks damages.

However, nothing Mr. Freemen asserts against Defendant Trotta rises to the level of a constitutional deprivation. Even though Mr. Freemen alleges that Defendant Trotta was unprofessional and caused him to suffer emotional distress, verbal harassment or abuse without more does not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).

Furthermore, although he alleges that he was uncomfortable and in pain during the prison visit due to Defendant Trotta's actions, Mr. Freeman fails to allege any actual injury arising from the incident. The United States Constitution requires that a party

seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Freemen fails to demonstrate any actual or threatened injury as a result of allegedly being forced to remove his surgical bandages by Defendant Trotta, Mr. Freemen lacks standing to assert constitutional claims attacking the alleged errors. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980). Accordingly, it is

ORDERED that the Second Amended Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 28 day of January, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02818-BNB

Jacques Freeman
2323 Curtis St.
Denver, CO 80205

· I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/29/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk